IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDOLPH WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.  10-cv-310-PMF |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**FRAZIER, Magistrate Judge:**

Plaintiff Randolph Willis filed this action seeking judicial review of the Commissioner of Social Security's decision denying his April 29, 2006, applications for disability insurance benefits and supplemental security income. An Administrative Law Judge (ALJ) denied Willis's applications after finding that he was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision.

**1.     Background**

Plaintiff suffers from obesity, heart disease, emphysema, angina, sleep apnea, depression, lower back pain, and the effects of nerve reconstruction in his left arm. In the past he has worked as a driver, cashier, courier, and security guard. On April 29, 2006, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he became disabled on March 22, 2006.[1] Plaintiff's applications were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge. The ALJ performed a sequential evaluation, finding at Step 4 that Plaintiff was not disabled because he could perform his past relevant work as those

---

[1] Plaintiff filed earlier applications seeking a closed period of disability. Those applications were denied November 20, 2002 (R. 45-52).

jobs were generally performed in the national economy. The Appeals Council declined to review that decision, leading to this action for judicial review.

The parties have adequately discussed Plaintiff's medical history in their briefs, so the Court will omit a comprehensive discussion of the administrative record and instead make note only of details particularly relevant to the issues raised by the parties.

Dr. Raymond Leung performed a consultative examination of Plaintiff in August 2006. He found that Plaintiff's gait was within normal limits, he could walk fifty feet unassisted, and he was able to heel walk, toe walk, and squat (Tr. 370). Tests indicated that Plaintiff had strong arm and grip strength with both arms, that he was able to oppose thumbs to fingers, and that he demonstrated no muscle atrophy (Tr. 370). A neurological examination produced results within normal limits, as did examination of Plaintiff's extremities (Tr. 370).

Dr. Lenore Gonzalez, a state agency physician, reviewed record evidence in September 2006. He concluded that Plaintiff could perform medium exertional work that required only limited use of his left arm, avoided climbing and frequent postural activities, and avoided concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (Tr. 402-09).

Dr. Sajjan Nemani performed a polysomnography study in September 2006, the results of which supported a diagnosis of moderate obstructive sleep apnea syndrome and mild leg movement disorder of sleep (Tr. 422-424). He recommended BiPAP for treatment of this condition.(Tr. 421).

In June 2007, Dr. Connor discussed Plaintiff's sleep apnea and noted that Plaintiff described severe fatigue, daytime somnolence, and falling asleep with any sort of sitting after meals (Tr. 455). Dr. Connor thought Plaintiff could lift and carry up to ten pounds, sit for fifteen minutes, and stand

or walk for five minutes each, at a time.(Tr. 460-65). He also noted many of the same postural and environmental limitations mentioned by Dr. Gonzalez (Tr. 462-64).

Dr. Harvey Alburn (or perhaps Alpern) testified at the administrative hearing as a medical expert. Based on his review of the record, he concluded that if Plaintiff's sleep apnea and the periods of loss of consciousness that it allegedly caused were verified and accepted, then Plaintiff might meet Listing 12.02 for organic mental disorders (Tr. 24). He pointed out that, although Plaintiff's condition was a sleep disorder that could not be listed under pulmonary hypertension, Plaintiff could meet the listing if he experienced periods of loss of awareness (Tr. 25). Dr. Alburn added that if Plaintiff did meet the Listing, it should only be for a period of less than one year, perhaps totally, because symptom can be rapidly reversed once treated (Tr. 24). Based on the evidence available at the time of the administrative hearing, Dr. Alburn reached conclusions consistent with those of the examining physicians regarding Plaintiff's ability to work and his physical limitations. He noted that without further clinical demonstration of problems with Plaintiff's back, nothing on the record indicated that Plaintiff's functional limitations prevented him from lifting twenty-five pounds frequently and fifty pounds occasionally, and standing, walking, or sitting six out of eight hours (Tr. 30).

A vocational expert, Gregory Jones, also testified at the administrative hearing and concluded that a person with Plaintiff's conditions and physical limitations could perform Plaintiff's past relevant work as a cashier, driver, and security guard (Tr. 40). Mr. Jones noted that Plaintiff was capable of performing these light unskilled and semi-skilled jobs because they required a medium level of exertion. In contrast, Mr. Jones found that Plaintiff could not perform his past job as a courier because that job required a heavy level of exertion.

Following the hearing, Plaintiff submitted two MRIs for review. The first, dated from July 2008, indicated degeneration and fraying of joints and muscles in Plaintiff's left shoulder. The second, performed the day of the hearing, showed minimal and mild degenerative arthritis of the joints in Plaintiff's lumbar spine (Tr. 525-26).

### 2.   Judicial Review

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the final decision of the Commissioner of Social Security. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009).

The Social Security Act stipulates that a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). The substantial evidence standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Because the Commissioner is responsible for weighing evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could reach a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

In order to receive disability insurance benefits or supplemental security income, a claimant must be "disabled." 42 U.S.C. §§423(a)(1)(E), 1382(a)(1). A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and

which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ (d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). An impairment under parts (2) and (3) may be mental or physical and must either be expected to result in death or last or be expected to last for a continuous period of not less than twelve months. 42 U.S.C. 423(d)(1)(A). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Clifford*, 227 F.3d at 868.

### 3. ALJ's Assessment of Sleep Apnea

Plaintiff challenges the ALJ's finding at Step 3 that his impairments did not meet or equal a listed impairment. He believes the ALJ should have determined that his sleep apnea met the criteria for Listing 12.02 for twelve continuous months. Defendant contends that the ALJ's decision to deny Plaintiff a close period of disability for his sleep apnea was appropriate because available evidence and testimony at the administrative hearing established that Plaintiff's disability did not meet any of the severe impairments listed by the Commissioner and that Plaintiff was not disabled for a continuous period of twelve months.

The ALJ's finding that Plaintiff failed to meet all the criteria of Listing 12.02 is reasonable and adequately supported by substantial evidence from the record. Although Plaintiff did introduce some evidence to support his conclusions, given the volume of evidence contrary to Plaintiff's position, nothing compels reversal of the ALJ's decision.

In order to qualify for a closed period of disability for a listed impairment, the applicant must satisfy all of the criteria in the relevant listing. *Rice v. Barnhart,* 384 F.3d 363, 369 (7th Cir. 2004). Dr. Alburn indicated that Plaintiff's sleep apnea might meet Listing 12.02, but only if his sleep apnea and its alleged symptoms were verified and documented. To that end, Plaintiff produced no documented evidence, nor did he elicit any thorough, credible testimony showing that his symptoms of sleep apnea fulfilled the requirements of the listing. Dr. Alburn's testimony established that Plaintiff's sleep apnea might meet part A of Listing 12.02, but established only one of the two requirements under Part B. Further, Plaintiff relied on his own statements regarding the effects of his sleep apnea – namely periodic loss of consciousness – to establish some of the listing requirements that were otherwise undocumented. While the ALJ was required to consider Plaintiff's statements, he was under no obligation to accept them as fact. 20 C.F.R. 416.920(a)(4). The ALJ permissibly discounted the credibility of Plaintiff's subjective statements when he determined that other evidence did not adequately support the assertions. The ALJ's credibility determination has not been challenged on the basis that it was patently wrong. *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). Finally, Plaintiff fails to point to any favorable legal authority that would compel reversal of the ALJ's decision. None of the case law or regulations relied on in his brief suggest that the ALJ made any determinations that were incorrect, unreasonable, or inappropriate.

In sum, the ALJ's determination that Plaintiff failed to meet Step 3 of the five-step sequential disability inquiry is reasonable and supported by relevant regulatory requirements, the absence of

medical records, testimony, and legal authority favorable to Plaintiff's position.

### 4. ALJ's Decision Not to Ask Medical Expert to Review MRIs

At Step 4, the ALJ evaluated Plaintiff's capacity to perform work-related activities, based on the evidence on the record and vocational expert testimony, including Plaintiff's ability to lift and carry weight, push and pull objects, and to sit and stand, among other factors. The ALJ found that Plaintiff could perform the work tasks required by his past relevant work as a driver, courier, cashier, or security guard (Tr. 18). Plaintiff challenges the ALJ's residual functional capacity assessment, arguing that the ALJ erred when he failed to ask Dr. Alburn to review a July, 2008 MRI of his left shoulder and an August, 2008 MRI of his lower back.

The MRIs at issue were submitted after the hearing and before the ALJ announced a decision. At the hearing, plaintiff did not give any indication that he wanted the ALJ to keep the record open for further evidence, and the medical expert suggested that MRI results alone would not change his assessment (Tr. 30). At the conclusion of the hearing, the record was closed (Tr. 41).

The purpose of the hearing is to give the claimant an opportunity to present evidence. 20 C.F.R. § 404.950. Once concluded, ALJs have the option to reopen a hearing to receive new and material evidence, but are under no obligation to do so. 20 C.F.R. § 404.944. Here, the ALJ was not required to consider materials submitted after the record was closed. *Hamilton v. Astrue*, No. 07-cv-0117-DFH-WGH, 2008 WL 2705171 (S.D. Ind. June 24, 2008). When records are submitted after the close of the hearing, the ALJ has discretion to consider them or reject them. *Id.* Moreover, "[t]he decision reviewed in the courts is the decision of the administrative law judge . . . . The correctness of that decision depends on the evidence that was before him . . . He cannot be faulted for having failed to weigh evidence never presented to him . . . ." *Eads v. Sec. of Dept. of Health and Human Services*, 983 F.2d 815, 817 (7th Cir. 1993).

The ALJ's failure to submit these records to the medical expert after the hearing does not qualify as legal error. Plaintiff did not present his MRI results to the ALJ while the hearing was open, and did not make a motion to hold the record open at the conclusion of the hearing. Hence, the ALJ was under no duty to accept the MRI reports as evidence or submit the reports to the medical expert for a supplemental opinion. Based on the above case law and regulations, the ALJ did not err by not asking Dr. Alburn to review MRI records submitted after the hearing.

In some circumstances, the Court may remand a case to the Commissioner for consideration of new and material evidence. 42 U.S.C. 405(g). "Remand for consideration of additional evidence is appropriate only upon a showing that the evidence is new and material to the claimant's condition during the relevant time period encompassed by the disability application under review, and there is good cause for not introducing the evidence during the administrative proceedings." *Anderson v. Bowen,* 868 F.2d 921, 927 (7th Cir.1989). Plaintiff may be arguing that his MRI results are new and material because they show conditions causing shoulder and back pain, which could further limit his ability to perform the physical requirements of light work. While the August, 2008, MRI results likely qualifies as new evidence (it is assumed that the report was not available because this MRI was performed the day of the hearing), the reports alone do not suggest functional restrictions beyond those identified in the ALJ's decision. Also, plaintiff has not offered good reasons why MRI testing was not obtained and presented in a timely manner. The ALJ satisfied his duty to develop the administrative record by gathering existing medical information, by hearing testimony, and by considering information prepared by examining physicians and reviewed by medical and vocational experts. 20 C.F.R. § 404.1512(d). The available evidence was enough to allow the ALJ to evaluate the merit of plaintiff's applications and reach a decision regarding the benefits sought. On this

record, the Court will decline to remand to the Commissioner for consideration of additional evidence.

The Commission's final decision regarding Randolph Willis's April, 2006, applications for disability benefits and supplemental security income is AFFIRMED.

**IT IS SO ORDERED.**

**DATED:  September 12, 2011  .**

                                       **S/Philip M. Frazier**
                                       **PHILIP M. FRAZIER**
                                       **UNITED STATES MAGISTRATE JUDGE**